| Order Form (01/2005) | United States District Court, Northern District of Illinois | | |
|---|---|---|---|
| Name of Assigned Judge or Magistrate Judge | William J. Hibbler | Sitting Judge if Other than Assigned Judge | |
| **CASE NUMBER** | 11-C-7619 | **DATE** | November 7, 2011 |
| **CASE TITLE** | Einhorn et al v. General Motors Corp. et al. | | |

**DOCKET ENTRY TEXT:**

Because it lacks jurisdiction over the case, the Court REMANDS this case to the Circuit Court of Cook County.

■ [ For further details see below.]   Docketing to mail notice.

### STATEMENT

    The Plaintiffs, Elias Einhorn, Mary Ralph, and Mark Yoshizumi, sued several Defendants in the Circuit Court of Cook County alleging state law products liability and negligence claims arising from an automobile accident. Plaintiffs filed their state law suit in November 2010. More than 10 months later, Defendants took the deposition of Einhorn and questioned him about the purchase of the automobile involved in the accident, the warranty supplied by the seller, and his knowledge of the warranty. As a result of the deposition, one of the Defendants, Cooper Tire and Rubber Company, removed the case to this Court, alleging that Gonzalez Auto Parts had been fraudulently joined.

    Cooper's motion is deficient in numerous ways. Among other things, a removing defendant must obtain the consent of all defendants to remove a case. *Townsquare Media, Inc. v. Brill*, 652 F.3d 767, 770 (7th Cir. 2011). While Cooper states that General Motors LLC consents to removal, it does not suggest that General Motors Corp. consents to the removal. This procedural defect in the removal process does not require remand, and could be waived. *See id.*

    Cooper removes the case on the basis of the diversity of the non-fraudulently joined parties. Cooper, however, fails to properly allege the citizenship of those parties. Nothing in the notice of removal pleads the citizenship of any party. Instead, Cooper tire attempts to provide notice of the citizenship of the parties in a brief in support of its fraudulent joinder motion. Even then, Cooper fails to properly allege the citizenship of the parties. Cooper states that General Motors LLC is a Delaware Corporation with its principal place of business in Michigan. The citizenship of an LLC, however, is the citizenship of each of its members. *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007). In addition, Cooper fails entirely to mention the

| STATEMENT |
|---|

citizenship of General Motors Corporation. Because Cooper has not properly pleaded the citizenship of the parties, the Court lacks jurisdiction over the dispute and it must be remanded.

However, even if the Court were inclined to allow Cooper to correct the myriad errors in its notice of removal (which it is not), the Court would nonetheless conclude that it lacks jurisdiction. Fraudulent joinder is a narrow exception to the rule that a plaintiff is free to choose its own forum. *Schwartz v. State Farm Mut. Auto. Ins. Co.*, 174 F.3d 875, 878 (7th Cir. 1999). The exception applies if a plaintiff attempts to join an in-state defendant solely for the purpose of defeating diversity jurisdiction. *Id.* Where a plaintiff has no possibility that a plaintiff can *state* a cause of action against a non-diverse defendant in the state court, that defendant's citizenship is ignored for purposes of removal and remand. *Id.*; *see also Hoosier Energy Rural Elec. Co-op, Inc. v. Amoco Tax Leasing IV Corp.*, 34 F.3d 1310, 1315 (7th Cir. 1994). In this case, Cooper makes no argument that the Plaintiffs could not possibly state a claim against the non-diverse Defendant, Gonzalez Auto Parts. Rather, Cooper argues that the Plaintiffs' claim against Gonzalez Auto Parts lacks merits. *See Momans v. St. John's N.W. Military Acad. Inc.*, 2000 WL 33976543, at *4 (N.D. Ill. Apr. 20, 2000) (holding that allegations concerning fraudulent joinder must go to the propriety of summarily dismissing the fraudulently joined defendant and not to the merits of the case); *Peters v. AMR Corp.*, 1995 WL 358843, at *3-4 (N.D. Ill. Jun. 13, 1995) (noting that fraudulent joinder is not opportunity to "pre-try" case). In ths case, discovery has been pending in the state court for nearly a year. Cooper seizes upon an admission by a single Plaintiff during his deposition but argues only that Plaintiffs' claim against Gonzalez Auto Parts lacks merits because Gonzalez Auto Parts offered them no warranty. The Court concludes that Gonzalez Auto Parts is not fraudulently joined. Because Gonzalez Auto Parts is a citizen of Illinois, there is not complete diversity between the parties and the Court lacks jurisdiction.

Accordingly, the Court REMANDS this case to the Circuit Court of Cook County for lack of jurisdiction.

*Wm. J. Hibbler* (signature)